B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Robin Rachelle Chavez | **DEFENDANTS**<br>Navient/Direct Loans Credit Finance<br>USA Funds<br>Dept. of Education |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

I Robin R. Chavez am requesting the discharge of student loans based on Undue Hardship pursuant to Section 523(a)(8).

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☑ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

*[Filed stamp: U.S. BANKRUPTCY CT. INDIANAPOLIS DIVISION, SOUTHERN DISTRICT OF INDIANA, KEVIN P. DEMPSEY CLERK, 2017 JUN 21 PM 2:50]*

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 84,549.70 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Robin Rachelle Chavez | BANKRUPTCY CASE NO.<br>17-04225-RLM-7 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District Indiana | DIVISION OFFICE | NAME OF JUDGE<br>Judge Robyn L. Mobley | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Robin R Chavez - Plaintiff* | | | |
| DATE<br>6/19/2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robin R. Chavez | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Navient Finance Credit
11100 USA Pkwy
Fishers, IN 46037

USA Funds
9998 Crosspoint Blvd
Indianapolis, IN 46256

Dept of Education
National Payment Center
PO Box 105028
Atlanta, GA 30348-5028

ProseComplaint (rev 12/01/15)

# UNITED STATES BANKRUPTCY COURT
## Southern District of Indiana

In re:

Robin Rachelle Chavez,

Debtor(s).

Robin Rachelle Chavez

Plaintiff(s),    vs.

Navient Credit Finance
USA Funds
Department of Education

Defendant(s).

Case No. 17-04225-RLM-7

Adv. Proc. No. _____

## COMPLAINT TO Discharge Student loans

The Plaintiff(s) Robin R. Chavez, for her Complaint to Request the discharge of student loans against the Defendant(s) state(s) as follows:

1) This court has jurisdiction under 28 U.S.C. Code § 157 to hear this adversary proceeding. I, Robin R. Chavez initiate this proceeding under § 157(b)(2)(I) to determine if my student loans are dischargeable because they cause an undue hardship on myself and my dependents.
2) I consent to the entry of a final judgment by the Bankruptcy judge.
3) Robin R. Chavez seeks relief in the form of a discharge of student loans currently being serviced through Navient, which consist of Direct subsidized and unsubsidized loans, some of which are consolidated and others of which were not included into the consolidation. It is my belief that these were not included because they were opened after the consolidation, but I am unsure. The following relationship exists between Robin R. Chavez and Navient. Navient is the loan servicer for the following loans that are owed by Robin R. Chavez.

**Loan 1-01**, owned by Department of Education, dated 4/16/2015 is a consolidation loan that is currently in a hardship deferment. This loan has been in the income based repayment plan. The current balance is $49762.94 at a 4.250% interest rate. For this loan, 1-01 is set to repay at 132 months for $466.27 a month and will be repaid at a total balance of $61547.64 if completed.

**Loan 1-02**, owned by Department of Education, dated 4/16/2015 is a consolidation loan that is currently in a hardship deferment. This loan has been in the income based repayment plan. The current balance is $28626.23 at a 4.250% interest rate. For this loan, 1-02 is set to repay at 124 months for $287.14 a month and will be repaid at a total balance of $35605.36 if completed.

These two loans from what I can see on the Navient website appear to be made up of the following original loans:

| | | |
|---|---|---|
| 3-03 | 9/1/2006 | $3585.12 |
| 3-04 | 9/1/2006 | $5774.21 |
| 3-05 | 12/26/2007 | $4500.00 |
| 3-06 | 12/26/2007 | $127.00 |
| 3-07 | 8/13/2003 | $2625.00 |
| 3-08 | 08/13/2003 | $4000.00 |
| 3-09 | 4/28/2004 | $2692.00 |
| 3-10 | 4/28/2004 | $2625.00 |
| 3-11 | 8/18/2004 | $1308.00 |
| 3-12 | 1/05/2005 | $2625.00 |
| 3-13 | 1/05/2005 | $1602.00 |
| 3-14 | 5/04/2005 | $2398.00 |
| 3-15 | 8/17/2005 | $2625.00 |
| 3-16 | 8/17/2005 | $4000.00 |
| 3-17 | 1/04/2006 | $875.00 |
| 3-18 | 5/03/2006 | $3250.00 |

The following loans are not included in the two above consolidations:

**Loan 1-03**, owned by Department of Education, dated 05/16/2015 original amount $644.00, current balance $701.17. For this loan, 1-03 is set to repay at 14 months for $50.62 and will be repaid at a total balance of $708.68 if completed.

**Loan 3-01**, owned by Navient Credit Finance Corp/USA Funds, dated 8/28/2006, current balance is $350.52 at a 6.800% interest rate. For this loan, 3-01 is set to repay at 168 months for $3.24 a month and will be repaid at a total balance of $544.32 if completed.

**Loan 3-02**, owned by Navient Credit Finance Corp/USA Funds, dated 8/28/2006, current balance is $5166.01 at a 6.800% interest rate. For this loan, 3-02 is set to repay at 222 months for $39.69 a month and will be repaid at a total balance of $8811.18 if completed.

**Loan 1-04**, dated 06/17/2017, current balance $1530.40 at a 6.310% interest rate. This loan is in deferment for IN SCHOOL status of my son. I am not requesting a discharge on this loan but have provided this as a disclosure that the loan exists. It is set to repay for 35 months at $50.45 starting 11/17/18.

**The total owed is $86080.10, The amount that I am requesting to discharge is $84547.70**

Even though these loans have been in the income based repayment plan for years, the following summary shows the payments that will be required by me starting 12/31/2017.

Loan 1-01        $466.27
Loan 1-02        $287.14
Loan 1-03        50.62
Loan 3-01        $3.24
Loan 3-02        $39.69
Total estimated payment $846.96 monthly

- 1 -

ProseComplaint (rev 12/01/15)

4. I, Robin R. Chavez, believe I have grounds to ask the court to determine that a debt is dischargeable under 11 U.S.C. § 523, based on the following:

1. Most of the loans have already been included in my previous bankruptcy and it was my intent to pay them back. Due to life circumstances that has not been the case. I have a child that is diagnosed with Autism and many other mental disorders. I have two other daughters and a step daughter. My son is able to attend college as he is high functioning but at this time is unable to live outside of my home. I have another daughter who just started college. My youngest daughter will start college in two years and my step daughter in approximately 3 years. I expect that my expenses will only increase over the next several years. I do not anticipate an increase in my income as the company I am working for is suffering and is making cutbacks.
2. I did make an effort to return to school in 2011 and 2014 (estimated) to try and finish my degree in order to raise my income, but was unable to due to my son's needs as well as I had some unexpected health and mental issues.
3. All loans have been in the income based repayment plan or in school deferment for years and I have not defaulted on any of them that I am aware of. I made my best effort to keep all my student loans in good standing prior to the current payments that are being requested of me, therefore I applied for the hardship deferment to try and figure out how I would be able to resolve this.
4. My current income almost matches my outgoing expenses at this time without including the student loan payment. I didnt include the payment in my Schedule of expenses because it was not a true statement that the payment is currently an expense, since they have been in a deferment. Anticipating that my chapter 7 is discharged and my reaffrimation of my automobile, in which I am asking for a reduction in the interest rate in order to lower my monthly payment, would leave me with less than $200 a month, which will be needed for my college students. It will also be utilized in the future for the parent plus loan that I am not requesting a discharge of, becoming due November of 2018.

    | | |
    |---|---|
    | My current combined income | $5992.27 |
    | My current expenses (without student loans) | $5992.00 |
    | My current net monthly income | .27 |
    | Current income after Chapter 7 | $5992.27 |
    | Monthly expenses (projected after Chp 7) | $5812.00 |
    | Monthly net income (projected after Chp 7) | $180.27 |
    | Future payment on non discharged loan | $50.45 |
    | Future monthly net income | $129.82 |

5. I estimate that my rental rate alone will increase by $100 based on previous years. My daughter is attending IU Bloomington and the cost is over $20,000 a year, although she has scholarships there is still a portion that will be due. She will also need funds for living expenses. The insurance for our cars will increase becasue by law every driver who holds a permit or licence must be covered on the policy. When I added my 17 year old, it ialmost doubled, therefore I estimate at least another doubling since I have two 16 years olds at home. My son currently doesnt hole a license to drive so I am also responsible for his transportation to and from work and college. The two 16 years olds will be entering into college, one in 2019 and the other in 2020, so I expect this to be a huge expense as well.

WHEREFORE, Plaintiff(s) respectfully request(s) that this Court order a discharge for my student loans in the amount of $84,547.70 .

_Robin R. Chavez_
Robin Rachelle Chavez
110 Balmoral Way 6 G
Greenwood, IN 46143
765-631-8046

teamo1688@gmail.com

(Signature of Plaintiff)
(Printed Name of Plaintiff)
(Address)
(City, State, ZIP Code)
(Phone with Area Code)
(Fax with Area Code)
(E-mail)